UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|                                              |                       |
|----------------------------------------------|-----------------------|
| KEVIN BAILEY,                                |                       |
|                       Petitioner,            | TRANSFER ORDER        |
|              - versus -                      | 13-CV-1031            |
| M. SHEAHAN, Superintendent,                  |                       |
|                       Defendant.             |                       |

GLEESON, United States District Judge:

On February 19, 2013 Kevin Bailey, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254 challenging his 2003 conviction in New York Supreme Court, Kings County. Bailey is currently incarcerated at Five Points Correctional Facility. Bailey paid the filing fee to commence this action. For the reasons set forth below, the Court cannot consider the instant submission and transfers it to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

Bailey previously challenged this same conviction by filing a petition pursuant to 28 U.S.C. § 2254 on May 5, 2006. I denied that petition on November 3, 2006. *Bailey v. Ercole*, 06-CV-2129 (JG), 2006 WL 3150826 (E.D.N.Y. Nov. 3, 2006). On April 18, 2007, the Court of Appeals for the Second Circuit denied Bailey's motion for a certificate of appealability and dismissed petitioner's appeal. *Bailey v. Ercole*, 06-CV-2129 (JG), ECF No. 21. I subsequently denied Bailey's Fed.R.Civ.P. 60(b) motion on December 21, 2007. *Bailey v. Ercole*, 06-CV-2129 (JG), 2007 WL 4565034 (E.D.N.Y. Dec. 21, 2007). On June 20, 2008, the Court of Appeals for the Second Circuit denied Bailey's motion for a certificate of appealability and dismissed petitioner's appeal. *Bailey v. Ercole*, 06-CV-2129 (JG), ECF No. 36. In addition, by letter dated May 29, 2009, I informed Bailey that there was no proceeding before me by which

he could challenge this same conviction and that any further challenge would be a "successive petition" for which he would need permission from the Court of Appeals for the Second Circuit. *Id.*, ECF No. 49. Nevertheless, Bailey has filed the instant petition in this Court.

Therefore, the instant petition is hereby transferred to the Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; *see Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005) ("[A] 'second or successive' petition for relief under § 2255 may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements."); *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("Where the court determines that an application raises only claims which are properly brought under § 2255, that the applicant has filed a prior § 2255 motion which was dealt with on the merits, and that no authorization from the court of appeals has been obtained as mandated by § 2244(b)(3), the district court must transfer the motion to this court.") (internal citations and quotation marks omitted).

Accordingly, the Clerk of the Court is directed to transfer this application to the Clerk of the Court of Appeals for the Second Circuit and to mark this matter closed. If the Second Circuit authorizes Bailey to proceed in this matter, Bailey shall move to reopen this case under this docket number.

SO ORDERED.

John Gleeson
United States District Judge

Dated: Brooklyn, New York
March 4, 2013